1    COOLEY LLP
     JOHN C. DWYER (136533) (dwyerjc@cooley.com)
2    Five Palo Alto Square
     3000 El Camino Real
3    Palo Alto, CA  94306-2155
     Telephone:     (650) 843-5000
4    Facsimile:     (650) 849-7400

5    COOLEY LLP
     BENJAMIN F. CHAPMAN (234436) (bchapman@cooley.com)
6    4401 Eastgate Mall
     San Diego, CA  92121
7    Telephone:     (858) 550-6000
     Facsimile:     (858) 550-6420

8

9    Attorneys for Defendant eBay Inc.

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15   MARSHALL BLOCK, On Behalf of Himself          Case No.  C 11-06718 CRB
     And All Others Similarly Situated,
16                                                  **NOTICE OF MOTION, MOTION TO
                        Plaintiff,                  DISMISS, AND MEMORANDUM OF POINTS
17                                                  & AUTHORITIES IN SUPPORT OF
            v.                                      DEFENDANT EBAY INC.'S MOTION TO
18                                                  DISMISS PLAINTIFF'S COMPLAINT**
     EBAY INC.,
19                                                  Date:        April 27, 2012
                        Defendant.                  Time:        10:00 a.m.
20                                                  Judge:       Hon. Charles R. Breyer
                                                    Trial Date:  Not yet set
21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

                                                    MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
                                                                        MOTION TO DISMISS
                                                                 CASE NO.  C 11-06718 CRB

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS .................................................................. i

SUMMARY OF ARGUMENT ............................................................................................. ii

I.     INTRODUCTION ....................................................................................................... 1

II.    BACKGROUND ........................................................................................................ 2

    A.    eBay And The Automatic Bidding System............................................................ 2

    B.    Plaintiff's Allegations Challenging eBay's Automatic Bidding System ............... 3

III.    ARGUMENT .............................................................................................................. 4

    A.    The Complaint Fails To Satisfy Recognized Pleading Standards........................... 4

    B.    Plaintiff's Breach Of Contract Claim (Count II) Fails........................................... 6

        1.    The first statement – that eBay is "not involved in the actual transaction between buyers and sellers" – is not an affirmative promise by eBay.................................................................................. 6

        2.    Plaintiff fails to state a claim for breach of contract premised on the statement that no agency relationship is created by the User Agreement............................................................................................ 9

    C.    Plaintiff's Tortious Interference With Prospective Economic Advantage Claim (Count I) Fails ........................................................................................ 10

    D.    Plaintiff's UCL Claim (Count III) Fails............................................................... 12

    E.    Plaintiff's Unjust Enrichment Claim (Count IV) Fails ........................................ 14

IV.    CONCLUSION......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alvarez v. Felker Mfg. Co.*,
230 Cal. App. 2d 987 (1964)..................................................................................... 9

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
790 F. Supp. 2d 1024 (N.D. Cal. 2011) ............................................................ 1, 4, 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937
173 L.Ed.2d 868 (2009) .......................................................................................... 1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................... 9, 11

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009).................................................................................. 6

*Birdsong v. Apple, Inc.*,
No. C 06-02280 JW, 2008 WL 7359917 (N.D. Cal. June 13, 2008),
*aff'd*, 590 F.3d 955 (9th Cir. 2009) ...................................................................... 5

*Buchanan v. Neighbors Van Lines*,
No. CV 10-6206 PSG, 2010 WL 4916644 (C.D. Cal. Nov. 29, 2010)..................... 9

*DuFour v. Be., LLC*,
No. C 09-3770 CRB, 2010 WL 431972 (N.D. Cal. Feb. 2, 2010)........................... 14

*Durrell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) ............................................................................. 15

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ................................................................. 15

*Fraley v. Facebook, Inc.*,
No. 11-CV-01726-LHK, 2011 WL 6303898 (N.D. Cal. Dec. 16, 2011) .............. 15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*,
528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) .......................................... 6

*Gentry v. eBay*,
99 Cal. App. 4th 816 (2002) ................................................................................. 8

*Gerlinger v. Amazon.com*,
311 F. Supp. 2d 838 (N.D. Cal. 2004) .................................................................. 15

COOLEY LLP
ATTORNEYS AT LAW

ii.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

**TABLE OF AUTHORITIES**
(continued)

Page

*Goddard v. Google, Inc.*,
640 F. Supp. 2d 1193 (N.D. Cal. 2009) ........................................................... 7, 8, 9

*Hill v. Roll Int'l Corp.*,
195 Cal. App. 4th 1295 (2011) ........................................................................ 15

*In re iPhone Application Litig.*,
No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)............... 6

*Janda v. T-Mobile, USA, Inc.*,
No. C 05-03729 JSW, 2008 WL 4847116 (N.D. Cal. Nov. 7, 2008) ............... 13, 14

*Kassbaum v. Steppenwolf Prods., Inc.*,
236 F.3d 487 (9th Cir. 2000)............................................................................ 7

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)........................................................................ 14

*Kema, Inc. v. Koperwhats*,
No. C-09-1587 MMC, 2010 WL 726640 (N.D. Cal. Mar. 1, 2010)...................... 11

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ............................................................................... 10

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011) ................................................................................. 13

*L. Byron Culver & Assocs. v. Jaoudi Indus. & Trading Corp.*,
1 Cal. App. 4th 300 (1992) ........................................................................... 10

*Levine v. Blue Shield of Cal.*,
189 Cal. App. 4th 1117 (2010) ...................................................................... 15

*Nabors v. Google, Inc.*,
No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) .......... 14

*PAI Corp. v. Integrated Sci. Solutions, Inc.*,
No. C-06-05349 JCS, 2009 WL 1106809 (N.D. Cal. Apr. 23, 2009).................... 12

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996)......................................................................... 15

*Parrish v. Nat'l Football League Players Assoc.*,
534 F. Supp. 2d 1081 (N.D. Cal. 2007) ........................................................... 14

COOLEY LLP
ATTORNEYS AT LAW

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

**TABLE OF AUTHORITIES**
(continued)

Page

*Quantum Assocs., Inc. v. Symbol Techs., Inc.*,
    No. C 01-02789 CRB, 2002 WL 1735356 (N.D. Cal. July 12, 2002) .............................. 10, 12

*Roots Ready Made Garments v. Gap Inc.*,
    No. C 07-03363 CRB, 2007 WL 3045999 (N.D. Cal. Oct. 18, 2007) .................................. 12

*Serv. Emps. Int'l Union, Local 99 v. Options—A Child Care & Human Servs. Agency*, 200
    Cal. App. 4th 869 (2011) ............................................................................................ 6

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
    983 F. Supp. 1303 (N.D. Cal. 1997) ............................................................................ 12

*Souza v. Westlands Water Dist.*,
    135 Cal. App. 4th 879 (2006) .................................................................................... 8, 9

*Strickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007) ......................................................................... 13

*Sybersound Records, Inc. v. UAC Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ..................................................................................... 12

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ................................................................................................ 13

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ....................................................................................... 5

**STATUTES**

Cal. Bus. & Prof. Code § 17500 ........................................................................................ 13

**OTHER AUTHORITIES**

FEDERAL RULE OF CIVIL PROCEDURE
    8   ........................................................................................................................... 5
    8(a)(2) ...................................................................................................................... 4
    9(b) ..................................................................................................................... 13, 14
    12(b)(1) ..................................................................................................................... 5

COOLEY LLP
ATTORNEYS AT LAW

iv.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2      PLEASE TAKE NOTICE that on Friday, April 27, 2012, at 10:00 a.m. or as soon

3    thereafter as this motion may be heard, Defendant eBay Inc. ("eBay") will move to dismiss

4    plaintiff's Complaint.  This motion is made under Federal Rule of Civil Procedure 12(b)(6) on the

5    basis that each of plaintiff's causes of action in the Complaint fails to state a claim upon which

6    relief can be granted.  This motion is also made under Federal Rule of Civil Procedure 12(b)(1)

7    on the basis that plaintiff does not have Article III standing to assert his claims because he does

8    not allege any concrete injury.  This motion is based on this Notice of Motion and Motion, the

9    accompanying Memorandum of Points and Authorities, eBay's Request for Judicial Notice

10   ("RJN"), the Declaration of Benjamin F. Chapman ("Chapman Decl.") and Exhibits A-C attached

11   thereto, the pleadings on file, oral argument of counsel, and such other materials and argument as

12   may be presented in connection with the hearing on the motion.

13

14   Dated: February 27, 2012                    COOLEY LLP

15

16                                              BY: s/ Benjamin F. Chapman
                                                BENJAMIN F. CHAPMAN (234436)

17                                              Attorneys for Defendant eBay Inc.

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF ARGUMENT

The Complaint asserts four causes of action against eBay Inc. ("eBay") based on eBay's "Automatic Bidding" system.  While bidders have the option to make individual bids for items listed for sale on eBay's online marketplace, eBay also offers bidders the option of using the Automatic Bidding system.  Rather than making an individual bid (or a series of individual bids), a prospective buyer can use the Automatic Bidding system by entering the maximum amount that he or she is willing to pay for the item.  By entering a "maximum bid," the potential buyer activates an algorithm that will automatically register bids (in pre-determined "bid increments") on behalf of the user until either the user wins the auction or his or her maximum bid is reached. The details of the Automatic Bidding system are ***fully disclosed*** on eBay's website.

Each of plaintiff's four individual claims suffers from the same fatal deficiency:  they are supported by no more than conclusory allegations relating to some hypothetical harm. Remarkably, plaintiff fails to identify a single transaction on eBay's marketplace that he alleges entitles him to relief.  As a result, the Complaint falls well short of the required pleading standards.  *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1028 (N.D. Cal. 2011).

Each of the individual claims also suffers from its own unique failings.  For example, plaintiff's tortious interference with prospective economic advantage claim (Count I) relies on conclusory allegations, rather than well-pleaded facts establishing each element of the claim.  *Id.* at 1032-33.  And, while plaintiff alleges that eBay's purported breach of the User Agreement is the wrongful act necessary to state this claim (Compl., ¶ 39), as this Court has previously held, a breach of contract does not constitute a "wrongful act" for purposes of a tortious interference claim.  *Quantum Assocs., Inc. v. Symbol Techs., Inc.*, No. C 01-02789 CRB, 2002 WL 1735356, at *1-2 (N.D. Cal. July 12, 2002).

Plaintiff's breach of contract claim (Count II) is based on allegations that eBay, by offering the Automatic Bidding system, breached two statements in eBay's User Agreement. (Compl., ¶¶ 44-45.)  However, neither statement constitutes a promise by eBay to plaintiff.  *See, e.g.*, *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1200-01 (N.D. Cal. 2009) (dismissing

1  claims based on Google's purported breach of its Content Policy because Policy only contained

2  promises by Google users to Google "in exchange for participation in Google's … service" and

3  did not contain enforceable promises by Google to its users.  Indeed, the two statements are part

4  of larger provisions which are intended to limit eBay's potential liability, not create it.

5  Accordingly, plaintiff's breach of contract claim should be dismissed.

6  Plaintiff's claim for violation of California's Unfair Competition Law (the "UCL") (Count

7  III) is based on the same so-called "representations" in eBay's User Agreement.  (Compl., ¶ 50.)

8  But plaintiff fails to allege adequately the predicate acts supportive of an unlawful UCL claim.

9  Moreover, since his UCL claim is based on purported misrepresentations, plaintiff must:

10  (i) allege that he actually relied on the statements at issue (*In re Tobacco II Cases*, 46 Cal. 4th

11  298, 328 (2009); and (ii) satisfy the pleading requirements of Federal Rule of Civil Procedure

12  9(b) ("Rule 9(b)").  *DuFour v. Be., LLC*, No. C 09-3770 CRB, 2010 WL 431972, at *4 (N.D. Cal.

13  Feb. 2, 2010).  Plaintiff's allegations do not satisfy either requirement.

14  Finally, plaintiff's unjust enrichment claim (Count IV) should be dismissed because

15  California courts have recently made clear there is no such cause of action under California law.

16  *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010).  Even assuming *arguendo*

17  there is such a claim, plaintiff's allegation that a binding, enforceable contract exists between the

18  parties precludes a claim for unjust enrichment.  *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,

19  96 F.3d 1151, 1167 (9th Cir. 1996).

20  As a result of these and the other deficiencies set forth below, eBay respectfully requests

21  that the Complaint be dismissed with prejudice.

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law

vii.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

eBay was founded in 1995 and, since that time, has grown to become the world's largest online marketplace, with more than 97 million users worldwide.  eBay's website allows sellers to offer items for sale to prospective buyers.  eBay provides sellers the option to list their items through several different formats, including auction-style listings, wherein prospective buyers bid for items in pre-disclosed bid increments over a pre-determined, limited period of time (one to ten days).  Prospective buyers can bid for items in two ways; they can:  (i) submit individual, manual bids for items; or (ii) use the "Automatic Bidding" system.  It is this latter option that is the focus of the Complaint.  As revealed in Exhibit 4 to the Complaint, a detailed description of the Automatic Bidding system is provided on eBay's website.  Plaintiff does not allege there is anything unlawful about the system *per se*.  Instead, he alleges the system – to the supposed detriment of sellers like him – allows eBay to "interject[] itself into the transaction" in contravention of two statements in eBay's User Agreement, that:  (1) eBay is "not involved in the actual transaction between buyers and sellers"; and (2) "no agency … is intended or created by this Agreement."  (Compl., ¶¶ 11-12, 20.)  Plaintiff's entire Complaint, and each cause of action asserted therein, rests on this theory.

There are two fundamental problems with the Complaint, both of which are fatal to every claim.  First, plaintiff simply does not plead any facts supporting his generalized attack on the Automatic Bidding system.  He does not plead any facts showing he actually sold anything on eBay.  He does not plead any facts demonstrating how his "sales" were impacted by the system.  He does not plead any facts establishing that he was harmed in any way by the system.  Finally, he does not allege that he actually relied on the two statements in the User Agreement.  Plaintiff's failure to plead these facts compels dismissal of the entire Complaint.  *See, e.g.*, *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1028 (N.D. Cal. 2011) ("Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain … sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009))).

1    <u>Second</u>, each of plaintiff's four claims is premised on a fundamental distortion of the User

2    Agreement.   Remarkably, plaintiff seeks to impose liability on eBay based on two statements

3    contained in provisions that clearly <u>limit</u> eBay's liability.   Once these statements are viewed in

4    context, each of the claims fails.

5        <u>Finally</u>, as set forth in detail below, each of the four individual claims suffers from

6    individualized pleading failures and should be dismissed on these bases as well.

7    **II.    BACKGROUND**

8        **A.    eBay And The Automatic Bidding System.**

9        Defendant eBay is the "world's largest online marketplace where sellers offer items for

10   sale to the public, and prospective buyers may bid for or buy these items."  (Compl., ¶ 7.)  eBay

11   does not own or sell the items listed on its website.   (*Id.*, ¶ 8.)   Rather, eBay provides a

12   marketplace comprising the online venue for third parties to "list … item[s] for sale."  (*Id.*)  eBay

13   does not charge buyers for using eBay.  (*Id.*, Exh. 1, p.3 ("Fees and Services").)  Instead, eBay

14   charges sellers a listing fee and a percentage of the final sales price of the item, which is known

15   as a "final value fee."  (Chapman Decl., Exh. A.)

16       eBay offers sellers the option of listing their items through various formats.  (Compl., ¶ 7.)

17   Plaintiff's Complaint only implicates auction-style listings.  (*E.g.*, *id.*, ¶¶ 17, 36, 45, 54.)  Once an

18   item is listed through an auction-style listing, any registered eBay user may "place" a "bid" for

19   the item.  (*Id.*, ¶ 9.)  While bidders have the option to make individual bids (by bidding one

20   "increment" above the high bid), eBay also offers them the option to use the Automatic Bidding

21   system.   Rather than manually making a single bid or a series of individual bids, a prospective

22   buyer can use the Automatic Bidding system by entering the maximum amount that he or she is

23   willing to pay for the item.  (*Id.*, Exh. 4.)  By entering a "maximum bid," the potential buyer

24   activates an algorithm that will automatically register bids, in "bid increments," on behalf of the

25   user until either the user wins the auction or his or her maximum bid is reached.  (*Id.*)  The "bid

26   increments" are based on a predetermined formula that is fully disclosed on eBay's website:

27   / / /

28   / / /

**How bid increments work**

As an auction-style listing proceeds, we'll automatically increase your bid on your behalf, up to your maximum bid, to maintain your position as the high bidder or to meet the item's reserve price.  The bid increment is the minimum amount by which your bid will be raised.

**What determines the amount of the bid increment?**

The incremental amount is predetermined based on the current high bid on the item.  The following table shows the amount of bid increments.

| Current Price | Bid Increment |
|---|---|
| $0.01 - $0.99 | $0.05 |
| $1.00 - $4.99 | $0.25 |
| $5.00 - $24.99 | $0.50 |
| $25.00 - $99.99 | $1.00 |
| $100.00 - $249.99 | $2.50 |
| $250.00 - $499.99 | $5.00 |
| $500.00 - $999.99 | $10.00 |
| $1000.00 - $2499.99 | $25.00 |
| $2500.00 - $4999.99 | $50.00 |
| $5000.00 and up | $100.00 |

(Chapman Decl., Exh. B (emphasis in original).)

The benefit of the Automatic Bidding system is clear:  it "makes bidding convenient so you [the buyer] don't have to keep coming back to re-bid every time someone places another bid." (Compl., Exh. 4.)  The system makes it more convenient for prospective buyers by allowing them to bid on items without forcing them to sit by their computer for the duration of the auction period (anywhere from one to ten days) to place bids manually if and when other potential buyers outbid them.  This allows for a far more convenient bidding process and greater bidding activity, to the significant benefit of both buyers and sellers.

**B.    Plaintiff's Allegations Challenging eBay's Automatic Bidding System.**

Plaintiff alleges he is an eBay seller and that his relationship with eBay is governed by eBay's User Agreement.  (*Id.*, ¶¶ 5, 10.)  Plaintiff's claims are based on two statements in the User Agreement.  (*Id.*, ¶¶ 11-12.)  The first statement – that eBay "is not involved in the actual transaction between buyers and sellers" – is contained in the "Limitation of Liability" provision

1    of the User Agreement.  (*Id.*, Exh. 1, p.4.)  The second statement – that "[n]o agency, partnership,

2    joint venture, employee-employer or franchiser-franchisee relationship is intended or created by

3    this Agreement" – is contained in a provision entitled "No Agency."  (*Id.*, Exh. 1, p.5.)

4         Plaintiff claims that contrary to these two "representations" in the User Agreement, "eBay

5    has interjected itself into the transaction between buyers and sellers" through the Automatic

6    Bidding system by keeping a prospective buyer's maximum bid "secret," and "instead only

7    transmit[ting] as much of that dollar amount of the bid to the seller as is necessary to keep the

8    bidder in the lead for the auction."  (*Id.*, ¶ 20.)  According to plaintiff, the Automatic Bidding

9    system represents "an alliance between eBay and bidders to the detriment of eBay sellers in a

10   traditional auction format."  (*Id.*, ¶ 24.)  Plaintiff, through a hypothetical example involving

11   imaginary buyers and sellers, describes a seller's possible damages as the potential difference

12   between the maximum bid submitted by a bidder and the final sales price of the item.  (*Id.*, ¶ 22.)

13        Plaintiff seeks damages and restitution of "listing and/or completed sales fees" paid to

14   eBay and seeks to represent a class of eBay sellers who sold items on eBay through auction-style

15   listings.  (*Id.*, ¶ 27, 52.)  The Complaint asserts causes of action for tortious interference with

16   prospective economic advantage (Count I), breach of contract (Count II), violations of the UCL

17   (Count III), and unjust enrichment (Count IV).

18   **III.    ARGUMENT**

19        **A.    The Complaint Fails To Satisfy Recognized Pleading Standards.**

20        "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain … sufficient

21   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Amaretto*

22   *Ranch Breedables, LLC*, 790 F. Supp. 2d at 1028 (quoting *Iqbal*, 129 S.Ct. at 1949).  "A claim

23   has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the

24   reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at

25   1949.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

26   possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is

27   entitled to relief."  *Id.* at 1950 (internal quotation marks omitted).

28

COOLEY LLP
ATTORNEYS AT LAW

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

Plaintiff's Complaint is based on broad, general allegations that fall far short of Rule 8's requirements.  Although the Complaint describes the Automatic Bidding system in detail, the allegations regarding plaintiff's entitlement to relief are limited to just two paragraphs:

> 5.      Plaintiff Marshall Block is a resident of Phoenix, Arizona.  Within any and all the Class Periods defined below, Plaintiff offered for sale and sold items on eBay through eBay's traditional auction offerings … on several occasions.
>
> . . .
>
> 46.      Within any and all the Class Periods defined below, Plaintiff offered for sale and sold items on eBay through eBay's traditional auction offerings.  He has done so on several occasions.  In each of these sales, Plaintiff was subject to eBay's "Automatic Bidding" system….

(Compl. ¶¶ 5, 46.)

Plaintiff does not identify a single item he allegedly offered to sell or actually sold; a single buyer of any such item; or a single potential buyer that made a bid.  The Complaint fails to allege how any of plaintiff's (unidentified) sales were affected by eBay's Automatic Bidding system – that is whether the system was used, and, if so, whether plaintiff sold his item for less than he would have had only manual bidding been available.  Nor does plaintiff allege he relied on the challenged statements in the User Agreement in choosing to list and sell items on eBay. Instead, the Complaint simply describes eBay's Automatic Bidding system and then offers mere speculation that it *might* "shortchange" a seller (possibly even plaintiff) as suggested by a hypothetical example involving imaginary buyers and sellers.  (Compl., ¶ 22.)  This simply is not enough.  *See, e.g.*, *Birdsong v. Apple, Inc.*, No. C 06-02280 JW, 2008 WL 7359917, at *3 (N.D. Cal. June 13, 2008) (dismissing complaint where plaintiffs did not "support their allegations with facts, which, if taken for true, would make Plaintiffs' right to relief more than merely speculative"), *aff'd*, 590 F.3d 955 (9th Cir. 2009).  As a result, the Complaint falls well short of the pleading requirements of Rule 8 and should be dismissed in its entirety.

Plaintiff's Complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  To establish Article III standing, plaintiff must allege facts showing that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent,

---

[1] Article III challenges to standing are "properly raised in a motion under Federal Rule of Civil Procedure 12(b)(1)."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

1   not conjectural or hypothetical….”  *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*,

2   528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).  Here, plaintiff does not allege any

3   such facts.  Instead, he only offers a hypothetical example of how an imaginary seller ***might*** be

4   damaged.  (Compl., ¶ 22.)  This simply is not enough to establish Article III standing.  *See, e.g.*,

5   *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *4 (N.D. Cal.

6   Sept. 20, 2011) (dismissing complaint for failure to establish Article III standing because

7   “[p]laintiffs do not allege injury in fact to *themselves*”) (emphasis in original); *see also Birdsong*

8   *v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009) (affirming dismissal of complaint because

9   “plaintiffs have not shown the requisite injury to themselves and therefore lack standing” where

10  purported injury was “conjectural and hypothetical”).

11              **B.      Plaintiff's Breach Of Contract Claim (Count II) Fails.**

12              Plaintiff's breach of contract claim – as well as each of the other three claims – is based

13  on eBay's alleged breach of two statements in the User Agreement.  The first states that eBay is

14  “not involved in the actual transaction between buyers and sellers.”  (Compl., ¶ 44.)  The second

15  states that “no agency … is intended or created by this Agreement.”  (*Id.*)  According to plaintiff,

16  eBay acted in contravention of these statements “by involving itself in the actual transaction

17  between buyers and sellers … through the use of its ‘Automatic Bidding’ system.”  (*Id.*, ¶ 45.)

18  However, neither of these statements is an affirmative promise that can support a breach of

19  contract claim.  Indeed, both provisions clearly limit – rather than create – eBay's potential

20  liability.  Thus, plaintiff's breach of contract claim (as well as the other three claims, each of

21  which is premised on the same statements) should be dismissed.

22              **1.      The first statement – that eBay is “not involved in the actual**
                        **transaction between buyers and sellers” – is not an affirmative**
23                      **promise by eBay.**

24              Plaintiff seeks to hold eBay liable for a single sentence in the Limitation of Liability

25  provision in eBay's User Agreement.  However, plaintiff's claim fails when the statement is read

26  in context of the entire provision,[2] which states:

27  _____

28  [2] Under California law, courts must “interpret [contract] language in context so as to give effect to
    each provision, rather than interpret contractual language in isolation.”  *Serv. Emps. Int'l Union,*

**Limitation of Liability**

You will not hold eBay responsible for other users' content, actions or inactions, items they list or their destruction of allegedly fake items. You acknowledge that we are not a traditional auctioneer. Instead, our sites are venues to allow anyone to offer, sell and buy just about anything, at anytime, from anywhere, in a variety of pricing formats and locations, such as stores, fixed price formats and auction-style formats. We are not involved in the actual transaction between buyers and sellers. While we may help facilitate the resolution of disputes through various programs, we have no control over and do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of the users' content or listings, the ability of sellers to sell items, the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item.… [¶]  We do not transfer legal ownership of items from the seller to the buyer.…

(*Id*., Exh. 1, p.4.)

The Limitation of Liability provision clearly inures to the benefit of eBay by limiting its liability, not creating it. It provides that, in exchange for eBay allowing them access to its services, users may not hold eBay liable for certain matters. (*Id*. ("***You*** will not hold eBay responsible….") (emphasis added).)  Thus, when read in its proper context, it is clear that the statement plaintiff cites is not a promise by eBay to abstain from involvement in any transaction. Rather, it merely describes the role eBay plays in transactions that occur on its website, and provides context for why eBay's liability is limited as described in the paragraph. The statement is simply part of a larger explanation of eBay's role:  eBay provides a marketplace for sellers to sell items directly to buyers, but eBay does not vouch for the conduct of either party, does not take possession of the items, and does not transfer possession or legal title to those items.

*Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009) is instructive. There, the district court rejected claims that Google "breached" its Content Policy, which required mobile advertisers using Google to display certain information about their products to Google users. *Id*. at 1199. The plaintiff, a Google user, alleged that Google breached the Content Policy by allowing mobile advertisers to run advertisements without displaying information required by the

---

*Local 99 v. Options—A Child Care & Human Servs. Agency*, 200 Cal. App. 4th 869, 879 (2011); *see also Kassbaum v. Steppenwolf Prods., Inc.*, 236 F.3d 487, 491 (9th Cir. 2000) (holding under California law "words" in contracts must be interpreted "in context" with the entire contract).

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

1  policy.  *Id.*  The district court rejected the claim because "Google's Advertising Terms and

2  incorporated Content Policy constituted a promise by Google's advertising customers to Google

3  in exchange for participation in Google's advertising service.  Neither agreement contains any

4  promise by Google to enforce its terms of use or otherwise to remove noncompliant

5  advertisements."  *Id.* at 1201; *see also Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879,

6  892 (2006).  At bottom, the statement that eBay is "not involved in the transaction between

7  buyers and sellers" simply is not an actionable promise by eBay, and, thus, it cannot support

8  plaintiff's breach of contract claim.

9          Moreover, even assuming *arguendo* that plaintiff could assert a claim based on this

10  statement, plaintiff fails to allege any facts detailing how the Automatic Bidding system actually

11  constitutes eBay's improper "involvement" in the transaction.  Regardless whether a bidder uses

12  the system or places an individual, manual bid, the bidder is still the person who "places his bid

13  for the item."  (Compl., ¶ 7.)  The California Attorney General reached this same conclusion in

14  determining that a California law requiring the licensing of yacht brokers did not apply to eBay:

15              We do not believe that eBay's proxy bidding system constitutes "negotiating" for
16              the purchase of a previously owned yacht…. [T]he term "negotiate" commonly is
                defined as "to communicate or confer with another so as to arrive at the settlement
17              of some matter." …  Here, the only person "negotiating" is the buyer who has
                instructed eBay's computer system to submit increasing bids to the seller in
18              accordance with a pre-determined bid schedule.  ***Use of eBay's proxy bidding
                system is, for all practical purposes, no different from the buyer electing to
19              manually submit higher bids in response to those submitted by other bidders.***  In
                neither situation is eBay "negotiating" on behalf of the buyer as that word is
20              normally understood.  ***We believe that by use of the proxy bidding system, the
                buyer, not eBay, is negotiating the purchase price, with eBay simply acting as
21              the venue.***

22  Office of the California Attorney General, Opinion No. 02-111 (Apr. 3, 2003) (emphasis added)[3];

23  *see also Gentry v. eBay*, 99 Cal. App. 4th 816, 827 (2002) ("eBay is not in the business of selling

24  or offering to sell the collectibles at issue; rather it is the individual defendants who sold the items

25  to plaintiff, using eBay as a venue.").  Plaintiff simply has not alleged any facts supporting a

26  plausible theory that, because a buyer elects to use the Automatic Bidding system, eBay is

27

28  _____

[3] A true and correct copy of this Opinion is attached as Exhibit C to the Chapman Decl.

"involved" in the transaction in such a way that it breaches the User Agreement.

> **2.   Plaintiff fails to state a claim for breach of contract premised on the statement that no agency relationship is created by the User Agreement.**

Plaintiff also claims that eBay breached the following provision of the User Agreement:

**No Agency**

No agency, partnership, joint venture, employee-employer of franchiser-franchisee relationship is intended or created by this Agreement.

(Compl., Exh. 1, p.5.)  This provision, like the Limitation of Liability provision, cannot support a breach of contract claim as it does not constitute an affirmative promise by eBay. *Goddard*, 640 F. Supp. 2d at 1201; *Souza*, 135 Cal. App. 4th at 892.  Instead, it is meant to advise users that eBay does not "intend" to enter into or "create" an agency relationship with its seller and buyers. Again, it is clearly meant to limit eBay's liability – by making clear that the contract does not create an agency relationship – and not to create liability.  It simply is not an actionable promise by eBay to plaintiff or any other users.

Moreover, plaintiff has failed to adequately plead an agency relationship between eBay and potential buyers.  Under California law, to plead agency, a plaintiff must allege that:  (1) the agent "holds a power to alter the legal relations between the principal and third persons and between the principal and himself"; (2) the agent is "a fiduciary with respect to matters within the scope of the agency"; and (3) the "principal has the right to control the conduct of the agent with respect to matters entrusted to him."  *Alvarez v. Felker Mfg. Co.*, 230 Cal. App. 2d 987, 999 (1964).  Here, plaintiff does not allege any facts regarding any of these elements.  Instead, plaintiff merely alleges, without any supporting facts, that eBay acted as "an agent for the bidder." (Compl., ¶ 45.)  This simply is not enough.  *See, e.g., Buchanan v. Neighbors Van Line*s, No. CV 10-6206 PSG (RCx), 2010 WL 4916644, at *3 (C.D. Cal. Nov. 29, 2010) (dismissing conversion claim based on agency liability where allegations of agency were "nothing more than legal conclusions of the type prohibited by *Iqbal* and *Twombly*").

In fact, plaintiff's allegations undermine any claim for agency liability.  The hallmark of an agency relationship is that the principal "authorizes … the agent[] to conduct one or more

transactions with one or more third persons and ***to exercise a degree of discretion in effecting the purpose of the principal***."  *L. Byron Culver & Assocs. v. Jaoudi Indus. & Trading Corp.*, 1 Cal. App. 4th 300, 304 (1992) (quotation marks omitted) (emphasis added).  But, as Exhibit 4 to the Complaint makes clear, once a prospective buyer enters his/her maximum bid under the Automatic Bidding system, further bids are made on a pre-determined, incremental basis until the maximum is reached.  (Compl., Exh. 4.)  Subsequent bids – if any – are driven by the bidding of other buyers, not by eBay.  In other words, eBay does not exercise ***any discretion*** under the system, and plaintiff does not and cannot allege otherwise.  This is exactly what the California Attorney General found:  whether a bidder uses the Automatic Bidding system or places an individual, manual bid, "[i]n neither situation is eBay 'negotiating' on behalf of the buyer as that word is normally understood.  We believe that by use of the proxy bidding system, the buyer, not eBay is negotiating the purchase price, with eBay simply acting as the venue."  Office of the California Attorney General, Opinion No. 02-111 (Apr. 3, 2003) ("eBay does not act as an 'agent' for either the seller or buyer during the auction bidding process." (citations omitted)).

### C.    Plaintiff's Tortious Interference With Prospective Economic Advantage Claim (Count I) Fails.

To state a claim for tortious interference with prospective economic advantage, plaintiff must plead facts showing:  (1) an economic relationship between himself and a third party with the probability of future economic benefit to plaintiff; (2) eBay's knowledge of the relationship; (3) acts by eBay designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by eBay's acts.  *Quantum Assocs., Inc. v. Symbol Techs., Inc.*, No. C 01-02789 CRB, 2002 WL 1735356, at *1 (N.D. Cal. July 12, 2002).  Under California law, plaintiff also "must plead that the defendant engaged in an act that is wrongful apart from the interference itself."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1154 (2003).  An act is wrongful if it is "unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Id.* at 1159.

Plaintiff claims that eBay's Automatic Bidding system interferes with sellers' prospective relationships with buyers.  (Compl., ¶¶ 35-40.)  To support his claim, plaintiff alleges:

Cooley LLP
Attorneys At Law

10.

Memo of Points & Authorities i/s/o eBay's
Motion to Dismiss
Case No.  C 11-06718 CRB

- "When bidders bid on items offered for sale by Plaintiff … there was an economic relationship established between the bidder and the seller … with the probability of future economic benefit to the seller" (*id.*, ¶ 36);

- eBay "knew of this economic relationship" (*id.*, ¶ 37);

- eBay, through its Automatic Bidding system, "which violates the representations and assurances given by eBay in its User Agreement to the effect that it is not involved in the transaction between seller and buyer and is not an agent for either … disrupt[ed] the economic relationships between bidders and sellers like Plaintiff" (*id.*, ¶ 39); and

- Plaintiff was "damaged" as a result of the system.  (*Id.*, ¶ 40.)

These allegations fail for at least six, independently fatal reasons.

**First**, plaintiff's "allegations are little more than a conclusory restatement of the elements of a tortious interference claim." *Amaretto Ranch Breedables, LLC*, 790 F. Supp. 2d at 1032-33 (dismissing tortious interference with prospective economic advantage claim based on "conclusory" allegations).

**Second**, plaintiff does not plead any facts establishing the first element of this claim as he fails to identify any economic relationships between himself and third parties.  Rather, he only pleads generic references to unspecified "bidders" in hypothetical auctions.  (*E.g.*, Compl., ¶¶ 36-40.)  This is insufficient.  *See, e.g.*, *Kema, Inc. v. Koperwhats*, No. C-09-1587 MMC, 2010 WL 726640, at *8 (N.D. Cal. Mar. 1, 2010) (dismissing interference claim because "no prospective business relationship is identified other than by the generic assertion that 'current and prospective customers' were 'dissuaded' from purchasing or licensing [counterclaimant's] software").

**Third**, plaintiff does not plead any facts establishing the third element of this claim, that the Automatic Bidding system is "designed" to disrupt plaintiff's relationships with third parties.  To the contrary, it is simply implausible that eBay would offer a system "designed" to interfere with the fundamental purpose of eBay's business – uniting buyers and sellers. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

**Fourth**, plaintiff does not plead any facts establishing the fourth element of this claim as he does not allege any transactions ***involving himself*** that were "actually disrupted" by eBay's Automatic Bidding system. *See, e.g.*, *Sybersound Records, Inc. v. UAC Corp.*, 517 F.3d 1137,

COOLEY LLP
ATTORNEYS AT LAW

11.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

1  1151 (9th Cir. 2008) (rejecting "conclusory" allegations of actual disruption and affirming

2  dismissal of intentional interference claim because plaintiff "failed to plead facts either showing

3  or allowing the inference of actual disruption to its relationship with the Customers").

4  **Fifth**, plaintiff does not plead any facts establishing the fifth element of this claim, that

5  eBay's Automatic Bidding system caused him ***actual*** – as opposed to theoretical – economic

6  harm.  *See, e.g.*, *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1312 (N.D.

7  Cal. 1997) (dismissing interference claim because "the complaint alleges only conclusory

8  statements and no facts in support of its contention that it lost potential customers").

9  **Sixth**, plaintiff alleges the Automatic Bidding system is wrongful because it "violates the

10  representations and assurances given by eBay in its User Agreement … that it is not involved in

11  the transaction between seller and buyer and is not an agent for either." (Compl., ¶ 39.)  As set

12  forth above, plaintiff fails to adequately allege a breach of the User Agreement.  However, even

13  assuming *arguendo* that eBay breached the User Agreement, numerous courts, including this

14  Court, have held that "the wrongful conduct, that is, the acts interfering with the relationship,

15  must be more than a breach of contract."  *Quantum Assocs., Inc.*, 2002 WL 1735356, at *1-2

16  (dismissing interference claims with prejudice because allegations that "defendant breached its

17  agreements and as a consequence plaintiff's business was damaged … are insufficient as a matter

18  of law to state an interference claim"); *Roots Ready Made Garments v. Gap Inc.*, No. C 07-03363

19  CRB, 2007 WL 3045999, at *4 (N.D. Cal. Oct. 18, 2007).[4]

20  **D.      Plaintiff's UCL Claim (Count III) Fails.**

21  Plaintiff incorporates his prior allegations regarding the User Agreement and the

22  Automatic Bidding system to contend that eBay violates the unlawful and fraudulent prongs of

23  the UCL.  (Compl., ¶¶ 49-50.)  Plaintiff alleges eBay violates the unlawful prong of the UCL by

24  tortiously interfering with plaintiff's prospective economic advantage and by violating

25

26  [4] *See also PAI Corp. v. Integrated Sci. Solutions, Inc.*, No. C-06-05349 JCS, 2009 WL 1106809,
   at *15-16 (N.D. Cal. Apr. 23, 2009) (granting judgment as a matter of law on interference claim

27  because "[w]here … the conduct at issue is, in essence, a breach of contract, California courts
   have held that such conduct may not provide the basis for tort liability on a claim for interference

28  with prospective economic advantage").

COOLEY LLP
ATTORNEYS AT LAW

12.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

1   California's False Advertising Law ("FAL").[5]  (*Id.*, ¶ 50.)  Plaintiff alleges eBay violates the

2   fraudulent prong of the UCL because the aforementioned "representations" in its User Agreement

3   are "deceptive."  (*Id.*)  Plaintiff's UCL claim should be dismissed.

4        **First**, because plaintiff's tortious interference with prospective economic advantage claim

5   fails for the reasons set forth above, his unlawful UCL claim predicated on the same theory also

6   should be dismissed.  *See, e.g., Janda v. T-Mobile, USA, Inc.*, No. C 05-03729 JSW, 2008 WL

7   4847116, at *7 (N.D. Cal. Nov. 7, 2008).

8        **Second**, plaintiff's unlawful UCL claim based on the FAL and his fraudulent UCL claim

9   both rest on "eBay's representations … that it is not involved in the actual transaction between

10  buyer and seller, and that it does not act as an agent for either."  (Compl., ¶ 50.)  Because these

11  UCL claims are based on alleged misrepresentations, plaintiff must:  (1) allege sufficient facts

12  establishing his "actual reliance" on the statements; and (2) satisfy the pleading requirements of

13  Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  Plaintiff does not satisfy either requirement.

14       The California Supreme Court has held that where UCL and FAL claims are based on

15  alleged misrepresentations, "a plaintiff must plead and prove actual reliance to satisfy the

16  standing requirement of section 17204."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009); *see*

17  *also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011) (applying actual reliance

18  requirement to UCL and FAL claims).  Yet, plaintiff does not allege he relied on either statement

19  in registering with eBay, listing items on eBay, or selling items on eBay, or that he would have

20  acted differently if those statements had not been included in the User Agreement.  As a result, he

21  fails to adequately allege actual reliance, and the claim should be dismissed.  *See, e.g.*, *Strickrath*

22  *v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (dismissing UCL claims because

23  "Plaintiffs fail to allege that they read any of the alleged misrepresentations before purchasing the

24  service…. Nor do Plaintiffs allege that, had they known the actual quality of Defendant's service,

25  they would have chosen either to pay less for the service or to purchase similar service from a

26

27  _____

    [5] The FAL makes it unlawful to make or disseminate statements concerning property or services

28  that are "untrue or misleading, and which is known, or which by the exercise of reasonable case
    should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB

1   competitor, or that the representations … were a substantial factor in Plaintiffs' decision to

2   purchase the service.").

3          Moreover, the details regarding the Automatic Bidding system were fully disclosed to,

4   and presumably understood by, plaintiff and other eBay users.  As plaintiff concedes, "[t]he

5   workings of the … 'Automatic Bidding' are described in a Help Page on eBay's website."

6   (Compl. ¶ 20.)   In fact, plaintiff attached a portion of those disclosures as Exhibit 4 to the

7   Complaint.    These disclosures eviscerate any claim premised on the allegation that eBay

8   misrepresented how the Automatic Bidding system works.

9          Finally, Rule 9(b) is applicable to plaintiff's UCL and FAL claims since they are based on

10  alleged misrepresentations.  *See, e.g.*, *DuFour v. Be., LLC*, No. C 09-3770 CRB, 2010 WL

11  431972, at *4 (N.D. Cal. Feb. 2, 2010) (applying Rule 9(b) "to claims under the UCL that rely, at

12  least in part, on the UCL's fraudulent prong") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

13  1125 (9th Cir. 2009); *see also Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD (PSG), 2011 WL

14  3861893, at *6 (N.D. Cal. Aug. 30, 2011) (applying Rule 9(b) to misrepresentation-based FAL

15  claims).  Yet, plaintiff does not allege when he read the representations, how he relied on them, or

16  how they could be misleading given eBay's detailed disclosure of the Automatic Bidding system

17  on its website.   Thus, plaintiff's UCL claims must be dismissed under Rule 9(b).  *See, e.g.*,

18  *Parrish v. Nat'l Football League Players Assoc.*, 534 F. Supp. 2d 1081, 1093-94 (N.D. Cal. 2007)

19  (dismissing representation-based UCL claims because "Plaintiffs have not alleged that they

20  themselves … ever saw, heard or relied on defendants' statements, so they fall well short of

21  satisfying Rule 9(b)"); *Janda*, 2008 WL 4847116, at *6.

22          **E.     Plaintiff's Unjust Enrichment Claim (Count IV) Fails.**

23          Plaintiff's unjust enrichment claim is based on two allegations, that:  (1) he paid eBay

24  unspecified "listing and sales fees" (Compl., ¶ 55); and (2) "[a]s a result of eBay's unjust and

25  inequitable conduct alleged herein, it would be unjust and inequitable for Defendant to be

26  permitted to retain those benefits."  (*Id.*, ¶ 56.)  This claim fails as a matter of law.

27          **First**, for many years, it was unclear whether there was a stand-alone cause of action for

28  unjust enrichment under California law.  However, the California Court of Appeals recently

1   clarified that, "[a]lthough some California courts have suggested the existence of a separate cause
2   of action for unjust enrichment … this court has recently held that 'there is no cause of action in
3   California for unjust enrichment.'"  *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138
4   (2010) (quoting *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)).   Thus,
5   "[n]otwithstanding earlier cases suggesting the existence of a separate, stand-alone cause of
6   action for unjust enrichment, the California Court of Appeals has recently clarified that '[u]njust
7   enrichment is not a cause of action, just a restitution claim.'"  *Fraley v. Facebook, Inc.*, No. 11-
8   CV-01726-LHK, 2011 WL 6303898, at *23 (N.D. Cal. Dec. 16, 2011) (quoting *Hill v. Roll Int'l
9   Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)).   Accordingly, plaintiff's unjust enrichment claim
10   should be dismissed with prejudice.

11        **Second**, even assuming *arguendo* that plaintiff can bring a stand-alone claim for unjust
12   enrichment, "[u]nder … California … law, unjust enrichment is an action in quasi-contract, which
13   does not lie when an enforceable, binding agreement exists defining the rights of the parties."
14   *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *see also*
15   *Gerlinger v. Amazon.com*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("Because plaintiff cannot
16   allege in good faith, while maintaining his other claims, that no contract exists between himself
17   and either [defendant], this court dismisses plaintiff's unjust enrichment claim without leave to
18   amend."); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 718 (N.D. Cal. 2011).   Here,
19   plaintiff's theory rests on his claim that eBay's User Agreement is a "binding contract."  (Compl.,
20   ¶ 42.)  As a result, plaintiff's unjust enrichment claim should be dismissed.

21   **IV.   CONCLUSION**

22        eBay respectfully requests the Court grant eBay's motion to dismiss in its entirety and
23   with prejudice.

24

25   Dated: February 27, 2012          COOLEY LLP

26                                     BY: s/ Benjamin F. Chapman
27                                     BENJAMIN F. CHAPMAN (234436)

28                                     Attorneys for Defendant eBay Inc.

COOLEY LLP
ATTORNEYS AT LAW

15.

MEMO OF POINTS & AUTHORITIES I/S/O EBAY'S
MOTION TO DISMISS
CASE NO. C 11-06718 CRB