IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARSHALL BLOCK,

    Plaintiff,

v.

EBAY, INC,

    Defendant.

No. C 11-06718 CRB

**ORDER GRANTING MOTION TO DISMISS**

In this putative class action, Plaintiff Marshall Block has sued eBay Inc. over its automatic-bidding regime. Among other things, Block asserts that this system unfairly limits his earning potential when he sells items through eBay. eBay moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons discussed below, the Court GRANTS the Motion.

**I.    BACKGROUND**[1]

Billing itself as the "world's largest online marketplace," eBay allows registered users to buy and sell "anything." In addition to allowing direct sales through its website, eBay hosts online auctions that allow buyers to bid in either of two ways. One, they can choose to personally monitor the auction, with computer keyboards or smartphones at the ready to update their bids. Two, they can choose eBay's "Automatic Bidding" system.

---

[1] The following derives predominantly from Block's Complaint and attached exhibits.

With Automatic Bidding, the buyer tells eBay the highest price he or she is willing to pay. Starting at the item's listed price, the automated system incrementally increases the buyer's bid as needed to maintain his or her status as high-bidder. The bids grow in increments ranging from five cents to $100, depending on the item's price.

An example:

> 1. A seller lists a pair of baseball tickets for $30. Tom places a maximum bid of $40. No one else has bid. Tom is high bidder at $30.
>
> 2. Laura enters and places a maximum bid of $35.
>
> 3. Tom and Laura's automatic bids incrementally increase by $1 each, until Tom prevails at $36.
>
> 4. Laura declines an automatic eBay invitation to increase her bid. No one else enters the auction, which closes with Tom as high bidder for $36.

Block says that this system transforms eBay into a buyer's agent because the buyer tells eBay how much he is willing to pay, and then allows eBay to bid on his behalf. This transformation, Block contends, is directly contrary to provisions of the User Agreement with which eBay governs buyer and seller conduct.

As a prerequisite to taking advantages of its services, eBay requires users to abide by the User Agreement's terms. Among other things, the User Agreement includes a "Limitation of Liability" section in which eBay states that "[w]e are not involved in the actual transaction between buyers and sellers." Another section provides that "[n]o agency, partnership, joint venture, employee-employer or franchiser-franchisee relationship is intended or created by this Agreement."

In Block's view, those two provisions constitute express promises by eBay. Since he believes the Automatic Bidding system violates those provisions, Block accuses eBay of (1) intentional interference with prospective economic advantage, (2) breach of contract, and (3) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200, *et seq.* Block additionally states an unjust enrichment claim as his fourth cause of action.

2

1 eBay moves to dismiss all claims, effectively calling Block's suit the distorted result
2 of his fundamental misunderstanding of both eBay's User Agreement and its Automatic
3 Bidding system. As eBay is correct, the Complaint is dismissed.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While it need not contain detailed allegations to withstand attack, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When making this determination, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

## III. DISCUSSION[2]

eBay generally attacks the Complaint's four causes of action for insufficient pleading and for deriving from a distorted interpretation of the User Agreement. See Mot. (dkt. 14) at 1-2. Because much of the Complaint turns on Block's interpretation of the User Agreement and its alleged breach, the discussion will begin with Block's breach of contract cause of action.[3]

---

[2] In passing, eBay challenged Block's standing to sue. See Mot. at 5-6. The issue was not briefed in depth by either party. Arguments at the hearing on April 27, 2012, however, convinced the Court that Block has sufficiently alleged each of the elements of Article III standing.

[3] Block argues that eBay's challenge to this claim is not properly considered on a 12(b)(6) motion, because it raises a question as to eBay's intent when it crafted the Agreement. See Reply at 8. eBay, however, is attacking Block's flawed interpretation of the unambiguous User Agreement. Mot. at 6. So, while it is generally true that "resolution of the disputed meaning of the contract on a motion to dismiss is inappropriate," that rule applies "where the language of the contract is unclear." See WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1052 (9th Cir. 2011). Further, "the interpretation of the contract is a question of law . . . ." Oceanside 84, Ltd. v. Fidelity Fed. Bank, 56 Cal. App. 4th 1441, 1448 (1997). It is therefore appropriate to address this challenge now. See

3

### A. Breach of Contract (Count 2)

This cause of action rests on two premises: First is that eBay has made "contractual assurances" in the User Agreement that (1) eBay is not involved in the buyer-seller transaction and, (2) that the Agreement does not create any agency or partnership. Second is that the Automatic Bidding system violates those binding assurances. See Compl. ¶¶ 42-45.

A contract may provide a basis of liability for a defendant's violation of its terms only when the defendant has promised to abide by them. See Goddard v. Google, 640 F. Supp. 2d 1193, 1200 (N.D. Cal. 2009) (citing Souza v. Westlands Water Dist., 135 Cal. App. 4th 879, 892 (2006)).[4]

In Goddard, for example, the plaintiff argued that Google was bound by a Content Policy found in its Advertising Terms and that she was a third-party beneficiary of that contract, the "breach" of which harmed her. Id. at 1199. The District Court disagreed, finding that the Advertising Terms and the Content Policy "constituted a promise by Google's advertising customers . . . in exchange for participation in Google's advertising service." Id. at 1201 (emphasis added). "Neither agreement containe[d] any promise by Google to enforce its terms of use . . . ." Id.

Likewise, the Souza court held that a water district had not bound itself to terms incorporated in its water-allocation agreement with an agricultural user. Souza, 135 Cal. App. 4th at 892. The agreement itself stated that the customer "agrees, as a condition of [service] . . . to comply with the Terms and Conditions . . . ." Id. The Terms and Conditions included a provision related to resuming water service to a certain delinquent account; specifically, it stated that the district general manager "shall require . . . that advance payment of all water charges be made for the 12-month period immediately following the

---

Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1018 (9th Cir. 2012) (affirming trial court's determination on 12(b)(6) motion that "settlement agreement was not ambiguous and was reasonably susceptible to only one interpretation").

[4] Block tries to distinguish these cases by arguing that they involved the rights of third parties to purported contracts. See Opp'n at 8 n.2. While that is true, the argument fails because, as eBay points out, both holdings turned on whether the defendants had made actionable promises to anyone in the first place, which is the issue here.

4

resumption of service." Id. at 883. Notwithstanding the imperative nature of this language, the court held that the statement did not bind the water district. Id. The court reasoned that the water agreement incorporating this provision required "only the water user to comply with [the Terms]." Id. "If a contract is to be a basis for liability . . . it must be a contract in which the district promises to abide by [the Terms and Conditions]." Id.

Blocks tries to establish that eBay has bound itself to the User Agreement provisions at issue here by pointing to other parts of it that are not relevant. Specifically, he notes the Agreement's opening paragraph, which states that users who live outside the United States "are contracting with one of our International eBay companies . . . ." Opp'n at 6 (quoting Compl. Ex. 1 at 1). Block also directs the Court's attention to a provision that states: "you and eBay agree that we will resolve any claim or controversy at law or equity that arises out of this Agreement . . . in accordance with one of the subsections below." Id. (quoting Ex. 1 at 6). Block reckons that these provisions reveal an intent by eBay to bind itself to all statements in the Agreement. He asserts that "[t]he document was intended to and did convey contractual rights on both parties." Id.

eBay acknowledges that the two statements at issue here – that eBay will not involve itself in transactions and that the Agreement does not create agencies or partnerships – are binding. Reply at 6. Much like Google's argument in Goddard, however, eBay asserts that they bind only the user, not eBay. See id. ("[T]hey are 'terms' that plaintiff agrees to in exchange for the right to use eBay's 'services[;]' they are not enforceable promises by eBay to its users."). Because the provisions must be read in context, eBay's interpretation is correct. See Serv. Emps. Int'l Union, Local 99 v. Options–A Child Care & Human Servs. Agency, 200 Cal. App. 4th 869, 879 (2011) ("We consider the contract as a whole and interpret its language in context so as to give effect to each provision, rather than interpret contractual language in isolation.").

When read in context, it is clear that eBay has not made a binding promise to avoid involvement in user transactions. Neither is eBay bound by the Agreement's disclaimer against establishing agencies or partnerships. The first of those two provisions appears in the

5

1 Agreement's Limitation of Liability section. See Compl. Ex. 1 at 4. This section lacks any
2 language binding eBay to any course of conduct. Instead, it contains only declarations
3 intended to limit eBay's liability: "We are not involved in the actual transaction . . . . [W]e
4 have no control over and do not guarantee the quality . . . of items advertised . . . . We do not
5 transfer legal ownership of items . . . ." See Compl. Ex. 1 at 4. In contrast, the Agreement
6 does include two imperative provisions that bind the user who consents to them when he or
7 she chooses to become an eBay user: "You will not hold eBay responsible for other users'
8 content, actions or inactions, items they list or their destruction of allegedly fake items. You
9 acknowledge that we are not a traditional auctioneer." Id.

Likewise, the non-agency provision lacks any indication that it is meant to be an enforceable promise. Had the provision read, for example, "eBay shall not act as any user's agent," Block might have an argument. Instead, the Agreement's "No Agency" section states in full that "[n]o agency, partnership, joint venture, employee-employer or franchiser-franchisee relationship is intended or created by the Agreement." Id. at 5. This statement simply asserts that the Agreement does not, or was not meant to, establish any agency. It therefore does not bind eBay.

In short, the statements on which this entire lawsuit turn are not "worded consistently with its being intended to be enforceable." See Workman v. United Parcel Service, Inc., 234 F.3d 998, 1001 (7th Cir. 2000) (noting that such wording is a necessary condition to the enforceability of a promise). Lacking such language, the Court rejects Block's interpretation of the Agreement and GRANTS the Motion to Dismiss the breach of contract cause of action with prejudice.

### B. Unfair Competition (Count 3)

The UCL prohibits any "unlawful, unfair or fraudulent" business act. See Cal. Bus. & Prof. Code § 17200. It also forbids "unfair, deceptive, untrue or misleading advertising . . . ." Id. The statute, therefore, "establishes three varieties of unfair competition – acts or practices [that] are unlawful, or unfair, or fraudulent." See Podolsky v. First Healthcare Corp., 50 Cal.

1 App. 4th 632, 647 (Cal. Ct. App. 1996). Two of these varieties are relevant here: unlawful
2 conduct and fraudulent conduct.

3 Block says that eBay's conduct is unlawful in any of three ways. First, he argues that
4 eBay interfered with Block's prospective economic advantage. See Compl. ¶ 50. Next, he
5 bases the claim on eBay's breach of contract. Id. Finally, he argues that eBay's conduct was
6 unlawful because it violated California's False Advertising Law. Id. His additional
7 argument that eBay has acted fraudulently turns on the same analysis as his false-advertising
8 theory, so those arguments will be addressed together. See In re Tobacco II Cases, 46 Cal.
9 4th 298, 312 n.8 (2009) ("A violation of the UCL's fraud prong is also a violation of the false
10 advertising law.").

### 1. Unlawful Conduct

As discussed above, the Court has dismissed the breach of contract claim. Likewise, as analyzed below, Block has failed to state claim for interference with prospective economic advantage. The only question, then, is whether his UCL claim may proceed under the false advertising or fraud theories.

### 2. False Advertising & Fraud

When alleging misrepresentation as a basis for a UCL violation, "a plaintiff must plead . . . actual reliance to satisfy the [statute's] standing requirement . . . ." In re Tobacco II Cases, 46 Cal. 4th 298, 328 (2009); see also, Cal. Bus. & Prof. Code §§ 17203-17204 (limiting UCL claims only to plaintiffs who have "suffered injury in fact and [have] lost money or property as a result of the unfair competition"). A heightened pleading requirement applies to UCL claims that rely, at least in part, on a fraud theory. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

Block says that eBay has represented to users that it is a neutral venue. See Compl. ¶ 50. This, he asserts, is the misrepresentation. As to his "actual reliance," Block alleges only that he "reasonably relied on the representations and assurances contained in eBay's User Agreement." Id. ¶ 51. He fails to allege any additional facts to flesh out this conclusory statement, which is not enough to survive challenge under Rule 12(b)(6). See Iqbal, 555 U.S.

7

at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." ). Moreover, Block's argument that such actual reliance may be inferred from the Complaint does not satisfy the requirement that he "state with particularity the circumstances constituting fraud . . . ." See Fed. R. Civ. P. 9(b).

Block therefore has failed to state a UCL claim under either his false-advertising or fraud theories.

### C. Interference With Prospective Economic Advantage[5] (Count 1)

The elements of intentional interference with prospective economic advantage are:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1151 (9th Cir. 2008) (quoting Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 950 (Cal. 2003)).

eBay raises two lines of attack on this claim. The first argues that several of the claim's elements are insufficiently pleaded. See Mot. at 11-12. The next turns on whether a breach of contract may constitute the predicate "wrongful act" needed to support a tortious interference claim. Id. at 12. Because eBay is correct that a breach of contract cannot serve as the basis for this claim, the Court GRANTS the Motion to Dismiss this cause of action.

#### 1. Breach of Contract

Even if Block had successfully pleaded a breach of contract claim, California law does not recognize a breach of contract as a "wrongful act" predicate required for this claim. See JRS Prods., Inc. v. Matsushita Elec. Corp. of Am., 115 Cal. App. 4th 168, 183 (2004) (holding that a "breach of contract claim cannot be transmuted into tort liability by claiming that the breach interfered with the promisee's business").

---

[5] All generic references that follow to an "interference claim" are to this particular tort. This case implicates none of the other interference claims recognized by California law – *e.g.*, tortious interference with contract.

8

As eBay notes, this Court has repeatedly found this to be the law. See Roots Ready Made Garments v. Gap, Inc., No. 07-03363, 2007 WL 3045999, at *4 (N.D. Cal. Oct. 18, 2007) (holding that California law does not allow "a plaintiff . . . [to] simply present evidence of a breach of contract and use the same activity to recover tort damages under a theory of . . . interference"); Quantum Assocs., Inc. v. Symbol Techs., Inc., No. 01-02789, 2002 WL 1735356, at *1-2 (N.D. Cal. July 12, 2002) ("[T]he wrongful conduct, that is, the acts interfering with the relationship, must be more than a breach of contract.") (citing Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618 (1993)).

Block argues that these holdings rely on outdated and overturned case law. See Opp'n 10-12. He asserts that Korea Supply Company v. Lockheed Martin Corporation, 29 Cal. 4th 1134 (2003), compels a different result.

This is incorrect. In Korea Supply, the California Supreme Court held that a plaintiff seeking to establish an interference claim does not need to show that the defendant specifically intended to disrupt his business plans. 29 Cal. 4th at 1154. It is unclear how that directly applies here, but Block argues that the court used a footnote to upend the long-standing rule that prohibited the use of breach claims as the predicate for interference causes of action. See Opp'n at 11-12. Specifically, he cites to the court's notice in Korea Supply that it was not "defin[ing] which sources of law may be relied on to determine whether a defendant has engaged in an independently wrongful act, other than to say that . . . [it] must be wrongful by some legal measure[.]" 29 Cal. 4th at 1159 n.11.

To whatever extent this footnote opened the door for plaintiffs to use breach of contract claims as Block seeks to do here, subsequent case law has shut it. See JRS Prods., 115 Cal. App. 4th at 179. Simply put, the issue before that court, a little less than a year after Korea Supply was decided, was "whether damages can be recovered for interference with prospective economic advantage by one contracting party against another based on conduct

1 that would otherwise constitute a breach of the parties' contract." Id. The answer: "[A] party to a contract cannot recover damages in tort for breach of contract."[6] Id.

Accordingly, the Court dismisses this claim to the extent that it relies on Block's breach of contract claim with prejudice.

### 2. Other "Wrongful Acts"

Block also argues that his UCL cause of action provides an independent basis for his interference claim. See Opp'n at 12. Block did not make this assertion in his Complaint. See Compl. ¶¶ 39-40 (discussing eBay's conduct only as a violation of the User Agreement). In any event, the UCL claim has been dismissed. Accordingly, because Block has failed to state the wrongful conduct eBay engaged in, the Court GRANTS the Motion as to the interference cause of action.

### D. Unjust Enrichment/Restitution (Count 4)

In Count 4, Block "prays for a judgment of restitution, ordering eBay to disgorge its ill-gotten gains to the class members." Compl. ¶ 57. He labels it a claim of "Unjust Enrichment." Later, he seeks to re-label it as a claim for restitution, arguing that it may survive on that basis. See Opp'n at 15.

Whatever he calls it, Count 4 is not a cause of action. See Levine v. Blue Shield of California, 189 Cal. App. 4th 1117, 1138 (2010) ("There is no cause of action in California for unjust enrichment. Unjust enrichment is synonymous with restitution."); Robinson v. HSBC Bank USA, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) ("There is no cause of action

---

[6] Against this clarity, Block posts that "several California decisions" reflect his theory. Id. at 12. He has cited only one – from a Los Angeles County Superior Court. Id. (citing Blix Street Records, Inc. v. Gelbard, No. BC312118, 2005 WL 6572031 (Cal. Super. Ct. Oct. 12, 2005)). The Court found another. See GiveMePower Corp. v. Pace Computers, Inc., No. 07-0157, 2007 WL 2345027, at *8 (S.D. Cal. Aug. 14, 2007) (finding that breach of contract may serve as interference predicate). The breach claim in GiveMePower, however, was among one of several "independently wrongful" acts that the plaintiff had pleaded. Id. Moreover, neither of these cases are binding on this Court. JRS Products is. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). Accordingly, Block's breach of contract claim cannot serve as the "wrongful act" required to state a claim for intentional interference of prospective economic advantage.

for restitution, but there are various causes of action that give rise to restitution as a remedy."). It therefore is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS eBay's Motion to Dismiss.

Counts 2 and 4 are dismissed with prejudice, as are the allegations in Counts 1 and 3 that rely upon the breach of contract theory. Block has thirty (30) days to otherwise amend his Complaint.

**IT IS SO ORDERED.**

Dated: May 7, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE